# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Merven Tooy, <br><br> Petitioner <br><br> v. <br><br> United States of America, et al., <br><br> Respondents | Case No. 2:25-cv-02286-CDS-BNW <br><br> **Order Granting in Part Petitioner's Writ of Habeas Corpus and Addressing in Part Respondents' Emergency Motion** <br><br> [ECF No. 4] |

      In November 2025, petitioner Merven Tooy filed a petition for writ of habeas corpus. Pet., ECF No. 4. Therein, Tooy seeks immediate release, a declaration that his continued ICE detention violates his due process rights, and other related relief. *See id.*[1] The respondents[2] oppose the writ. *See* Resp., ECF No. 17. Tooy filed a reply and surreply. *See* Replies, ECF Nos. 21, 24.

      I held a hearing on the petition on January 8, 2026. During the hearing, I made factual findings which are incorporated in this order. At the conclusion of this hearing, after considering the moving papers, together with the parties' arguments, I granted the petitioner's writ of habeas corpus on grounds that there has been a violation of Tooy's Fifth Amendment due process rights. Several hours after the hearing concluded, the respondents advised the court that they would be filing an emergency motion to stay my order granting the writ. That emergency motion was filed a short while later. Emerg. mot., ECF No. 28. For the reasons set forth herein, I

---

[1] For the reasons stated on the record, because I grant the petitioner's writ as to his first claim, violation of his due process rights under the Fifth Amendment, I do not rule on his additional requested injunctive relief.

[2] The named respondents are Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security; Pamela J. Bondi, in her official capacity as Attorney General of the Department of Justice; Kerri Ann Quihuis, in her official capacity as ICE Field Office Director in Las Vegas, Nevada; Michael Bernacke, in his official capacity as U.S. Immigration and Customs Enforcement; Patrick J. Lechleitner, in his official capacity as Immigration & Customs Enforcement; John Mattos, in his official capacity as Warden of Immigration Detention Facility.

grant the writ in part but stay the order releasing the petitioner for forty-eight hours to permit his counsel to file a response to the emergency motion.

I.     Background[3]

Merven Tooy is a citizen of Suriname. ECF No. 4 at 4, ¶ 9. In 2001, Tooy entered the United States from Canada on a visa, and he then overstayed this visa. ECF No. 21 at 4. At some point between 2001 and 2015, he married an American citizen and they had a son together. *Id.* Because of the marriage, in 2015, Tooy was given a conditional green card. *Id.*

In 2018, Tooy was arrested in Arizona on a drug charge, and then in 2019, he was arrested for robbery. ECF No. 21 at 4. In 2019, he applied for an unconditional green card and received this green card. *Id.* However, on September 29, 2020, he was ordered removed and was released on an order of supervision in December 2020. *Id.* Then, in June 2023, Tooy was arrested in Las Vegas and charged in a criminal complaint with gross misdemeanor unlawful occupancy and misdemeanor resisting officer. *Id.* He was then released from custody. *Id.* In October 2023, a deferred adjudication on a misdemeanor trespassing conviction and an interim sentence was entered. *Id.* at 4–5. After being placed back into custody, he was released again on December 4, 2024, and was given a date to appear in state court. *Id.* at 5; Pet.'s Ex. 2, ECF No. 22-2 at 2; Pet.'s Ex. 6, ECF No. 22-6 at 2.

Because Tooy failed to appear at a court date on December 12, 2024, a bench warrant was issued. ECF No. 21 at 5. On February 17, 2025, Tooy was arrested at Siegel Suites downtown on that warrant and was sent to the Clark County Detention Center (CCDC). *Id.*

On February 26, 2025, Tooy was adjudicated guilty of a misdemeanor trespassing charge and sentenced to 30 days. *Id.* He was given time served and ordered released. *Id.* As alleged, instead of being released, he was held on an ICE detainer for over two months at CCDC before ICE moved him to the Nevada Southern Detention Center (NSDC) on May 5, 2025. *Id.* Tooy has

---

[3] The court cites to the petitioner's petition and replies (ECF Nos. 4, 21, 24) as no information was provided to the court that contradicted these factual findings.

2

remained in continuous custody since February 2025. *Id.* As alleged in the petition, during his time at NSDC, Tooy has not been told whether he will be deported to Suriname. *Id.*

## II. Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. Discussion

### A. The petition for writ of habeas corpus is granted in part.

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979). As relevant here, Tooy argues that his continued detention is unlawful, and that he is unlikely to be removed in the foreseeable future, so his detention violates his due process rights. *See* ECF No. 4 at 14.

  The respondents assert that ICE is authorized to detain the petitioner; more specifically, they assert that the petitioner is lawfully detained under 8 U.S.C. § 1231(a). ECF No. 17 at 3. They further assert that under § 1231(a)(1)(A), he is eligible to be detained beyond the ninety days and not entitled to a bond hearing under § 1231(a)(6). *Id.* The respondents contend that Tooy's *Zadvydas* claim fails because Tooy has not met his burden in showing there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 4. To support their argument, they assert that DHS has obtained travel authorizations from Suriname, and they are currently waiting for availability of transport to effectuate travel authorizations from Suriname. *Id.* But the respondents do not provide a time frame on when this availability will come to fruition.

  While the respondents state that the first removal flight was cancelled because of a stay that was entered by the Ninth Circuit, *id.* at 5, their claim that removability is foreseeable is undermined when they state that the second removal light was cancelled because of flight unavailability. *Id.* Moreover, in the response to the petition, the respondents produced no supporting documents in their exhibits to show if another removal flight was scheduled. Stated otherwise, the respondents failed to rebut petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future.

  I therefore find that petitioner has met his burden in showing that his due process rights have been violated by remaining in prolonged detention. As the Supreme Court has explained that the provisions of § 1231(a) as follows:

> Once [a noncitizen] is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement.

*Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons. *Id.* at 528–29. Because "[a] statute permitting

indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period **reasonably** necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 682 (emphasis added). And, a period reasonably necessary to bring about the noncitizen's removal from the United States "is presumptively six months." *Johnson*, 594 U.S. at 529. When a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699. In other words, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. As time passes however, the burden on the government increases accordingly. *See Sweid v. Cantu*, 2025 U.S. Dist. LEXIS 213969, at *10 (D. Ariz. Oct. 30, 2025).

      Here, Tooy's detention has surpassed both the 90-day and the 180-day period of presumptive reasonableness. He has been detained since approximately March 31, 2025. ECF No. 24 at 2. Because Tooy's detention surpassed this period, the burden shifts to the government. *See Barka v. Mattos*, 2025 U.S. Dist. LEXIS 264962, at *16 (D. Nev. Dec. 23, 2025) (quoting *Sweid*, 2025 U.S. Dist. LEXIS 213969, at *3) (explaining that after the expiration of six months, the detainee need only offer a valid reason why removable is unforeseeable, which the government must then disprove). And, based on the record at the time of the hearing, the government had not provided this court with supporting information or documents to show that removability would be reasonably foreseeable.[4] I therefore find that the respondents have not supported their position as to why mandatory detention beyond six months is necessary and further find that petitioner's removal is not reasonably foreseeable. To hold him in detention indefinitely is a violation of his due process rights. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (explaining that when a court considers a due process claim, it may tailor relief to the specific

---

[4] The court addresses the respondents' emergency motion below.

5

problem that gives rise to the due process violation). So I grant his petition as to his due process claim, and provide further instructions below.

Finally, because I grant the relief under the § 2241 petition for the reasons set forth above, I decline to address other claims on the merits and deny all the other requested relief in the petition without prejudice.

### B. The respondents' emergency motion.

Following the hearing on January 8, 2026, the respondents filed an emergency motion for reconsideration of this order. ECF No. 28. The court has already issued an order which (1) stays this order until Tuesday, January 13, 2026, (2) directs the petitioner to file a response, and (3) orders the respondents to provide the court with an unredacted version of the motion's exhibit A (ECF No. 28-1) for in camera review.[5] *See* ECF No. 29. A separate order will issue addressing the merits of the emergency motion once the petitioner has been given an opportunity to respond and for this court to review the unredacted version of the respondents' exhibit.

## IV. Conclusion

IT IS ORDERED that Tooy's petition for writ of habeas corpus **[ECF No. 4] is GRANTED in part** as set forth in this order.

IT IS FURTHER ORDERED that the respondents must immediately release the petitioner from custody, within the next twenty-four hours, and if applicable, subject to any prior order of supervision. Petitioner is ordered to comply with his operative order of supervision. **However, this order is stayed until Tuesday, January 13, 2026, or until further order of the court.** *See* ECF No. 29.

---

[5] The government also already complied with this order.

IT IS FURTHER ORDERED that the respondents must file a joint status report no later than **Thursday, January 22, 2026,** advising their status of compliance with this order. The status report must also provide when a hearing is set for him to appear in immigration court.

Dated: January 10, 2026

_____
Cristina D. Silva
United States District Judge